UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

O'BRIEN & GERE INC.,
of North America,


                                        Plaintiff,

                                                            DECISION AND ORDER

                                                            07-CV-6087L


                    v.

BARTON RANDS, LTD.,
a Division of Constellation Brands, Inc.,


                                        Defendant.
_____


          O'Brien & Gere, Inc., of North America ("OGINA") filed this action against Barton Brands,

Ltd. ("Barton Brands") for breach of contract.  Currently before the Court is Barton Brands' motion

to dismiss for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer the

action to the Western District of Kentucky.  For the reasons discussed below, the motion is granted

in part, and this action is transferred to the Western District of Kentucky.


                                        **BACKGROUND**


          Barton Brands is a Delaware corporation with its principal place of business in Chicago,

Illinois, and is a subsidiary of Barton, Inc., which is also a Delaware corporation with its principal

place of business in Chicago.  Barton, Inc., in turn, is a subsidiary of Constellation Brands, Inc. ("Constellation Brands"), incorporated in Delaware with its headquarters located in Fairport, New York.

In November 2005, Barton Brands issued a request seeking proposals to design, fabricate and install a pollution control system ("baghouse system") on an existing coal-fired boiler at its distillery in Bardstown, Kentucky.  OGINA, a Delaware corporation with its principal place of business in Syracuse, New York, submitted a proposal, which Barton Brands ultimately accepted, for a baghouse system to be installed at a price of roughly $1,251,000.

After accepting OGINA's proposal, Barton Brands issued a series of purchase orders for the baghouse system, two on February 2, 2006, for $100,000 and $275,000, respectively, and a third on March 20, 2006, for the remaining $875,650.  Barton Brands made payments to OGINA on the purchase orders over the spring and summer of 2006 to a bank in Buffalo, New York,  totaling about $1,126,000.  As of today, about $125,000 of the contract price remains unpaid.

OGINA completed installation of the baghouse system in September 2006.  In October and November of that year, Barton Brands experienced a series of four small fires in the baghouse system, resulting in an estimated $16,500 in damages.  On December 5, 2006, a more serious fire rendered the boiler inoperable.  A subsequent inspection by an independent consultant allegedly concluded that the inadequate design and construction of OGINA's baghouse system was the cause of the fires.  OGINA denies any causal connection between its baghouse system and the fires, insisting instead that problems in Barton Brands' boiler caused the fires.

On January 31, 2007, OGINA filed its complaint in this action in New York State Supreme Court, Monroe County, alleging breach of contract based on Barton Brands' failure to pay the full contract price for the baghouse system. Barton Brands removed the complaint to this Court on February 20, and thereafter filed the pending motion to dismiss.

Several days earlier, on February 15, 2007, Barton Brands had filed suit in the United States District Court for the Western District of Kentucky against OGINA, alleging breach of contract, negligence and related claims, all related generally to the baghouse system fires.

On April 23, 2007, the District Court in Kentucky issued a decision denying OGINA's motion to dismiss or to stay that action, and directed OGINA to answer the complaint. OGINA filed an answer and counterclaim in the Kentucky action on May 15, 2007. Its counterclaim is by and large identical to the complaint filed in the case at bar.

## DISCUSSION

Barton Brands moves to dismiss this action for lack of personal jurisdiction and improper venue, pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. In the alternative, Barton Brands moves for an order transferring the case to the Western District of Kentucky pursuant either to 28 U.S.C. § 1406 (providing for transfer to cure improper venue) or § 1404 (discretionary transfer for the convenience of parties and witnesses).

"The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing

- 3 -

a convenient forum." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). There is no absolute requirement that the court address personal jurisdiction before venue, however, since "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject matter is. ... Accordingly, when there is a sound prudential justification for doing so, ... a court may reverse the normal order of considering personal jurisdiction and venue." *Id.*

The motion before me now presents an instance of such "sound prudential justification" for considering the issue of venue before that of personal jurisdiction. First, plaintiff does not oppose a transfer of this action to Kentucky. In its brief in response to Barton Brands' motion, OGINA states that it "will not oppose the transfer of this action to the District Court for the Western District of Kentucky, in light of the assertions made by Barton as to the non-party witnesses located in Kentucky." Dkt. #8-2 at 11. *See also* John F. Sutphen Aff. (Dkt. #8-1) ¶ 26 ("OGINA has no opposition to the transfer of this action to the District Court in Kentucky").

Aside from plaintiff's consent to transfer, a transfer of this action is clearly justified. The discretionary transfer statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goal of § 1404(a) is to prevent waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 27 (1960); *accord Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990).

As a practical matter, it simply makes more sense to litigate this case in Kentucky than in New York. The central issue that must be resolved in this action is whether OGINA's baghouse

system caused the fires and subsequent damages at Barton Brands' Kentucky distillery.  All the events giving rise to this litigation took place in Kentucky:  that is where Barton Brands issued its request for proposals, where OGINA's proposal was received, where the boiler is located and the baghouse system was installed, and where the fires occurred.  Most of the witnesses and other sources of proof are thus presumably located in Kentucky as well.  In contrast, New York has virtually no connection with this case other than the facts that OGINA is located here, and that Barton Brands made payments under the contract to a bank in Buffalo.  Under these circumstances, transfer of this action to Kentucky is therefore warranted.  *See Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC*, Civ. No. 05-2309, 2006 WL 1675067, at *6 (D.N.J. June 15, 2006) (plaintiff's initial choice of New Jersey forum, and New Jersey forum-selection clause of parties' contracts were not dispositive, and were outweighed by considerations of convenience, justice and other factors under § 1404(a), since "New Jersey has little connection to the claims in this case since the relevant events occurred in Florida, the physical property at issue is located there, and the majority of the Defendants' material witnesses are Florida residents"); *JMC Technology Group, Inc. v. EDM Sales & Supplies, Inc.*, No. 1:03-CV-0638, 2004 WL 392945, at *3 (S.D.Ind. Feb. 10, 2004) ("because the vast majority of critical non-party evidence is in Minnesota, and because most of the relevant events occurred there, the court finds that a transfer is warranted under 28 U.S.C. § 1404(a)").[1]

---

[1]My decision to transfer this action renders it unnecessary for the Court to decide whether Barton Brands is subject to personal jurisdiction here.  I do note, however, that defendant's motion does present serious questions in that regard, since it does not appear that Barton Brands does sufficient business in New York to qualify as "present" for purposes of personal jurisdiction under C.P.L.R. § 301, *see Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 77

(continued...)

**CONCLUSION**

Defendant's motion to dismiss the complaint or in the alternative to transfer this action (Dkt. #3) is granted in part and denied in part.  The motion to transfer is granted, and the Clerk of the Court is directed to transfer this action to the Clerk for the United States District Court for the Western District of Kentucky.  In all other respects, the motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      July 20, 2007.

---

[1](...continued)
N.Y.2d 28 (1990); *see also Wiwa v. Royal Dutch Petroleum Co.,* 226 F.2d 88 (2d Cir. 2000), nor does there appear to be evidence that Barton Brands is a "mere department" of its ultimate parent Constellation Brands, *see Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120-22 (2d Cir. 1984).

Likewise, it is far from clear that merely contracting with a New York corporation, and sending purchase orders and payments to New York, are enough to give rise to personal jurisdiction under C.P.L.R. § 302, when every other aspect of the contract, including negotiation, execution, and performance, took place in another jurisdiction.  *See C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc.*, 455 F.Supp.2d 218, 225-26 (E.D.N.Y. 2006) (contract with New York company and invoices sent to New York found insufficient to support personal jurisdiction under C.P.L.R. § 302); *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 514 (E.D.N.Y. 1982) ("Courts have consistently held that the mere telephoning or mailing of orders to a New York seller by an out-of-State buyer does not subject the buyer to *in personam* jurisdiction under § 302") (citations omitted); *Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 26 N.Y.2d 280 (1970) (negotiation and execution of indemnity agreement in New York insufficient to support personal jurisdiction over non-domiciliary corporation under C.P.L.R. § 302.).

- 6 -